# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

JUN - 2 2015

David J. Bradley, Clerk

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Cesar Giovanni FLORES-Tirado | ) | Case No. M-15-0877-M |
| Mexico | ) | |
| DOB 1982 | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __5/21/15 and 5/27/15__ in the county of __Hidalgo__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 26 USC 5861(d) | to receive or posses a destructive device (firearm) as defined under 26USC5845(a)(8) and (f) which is not registered to him in the National Firearms Registration and Transfer Record; |

This criminal complaint is based on these facts:

See Attachment A

☑ Continued on the attached sheet.

approved by
AUSA KR

*Complainant's signature*

Kevin D. Brown - ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 6-2-2015

*Judge's signature*

City and state: McAllen, TX

U.S. Magistrate Dorina Ramos
*Printed name and title*

## ATTACHMENT A

I, Special Agent Kevin D. Brown, affiant, do hereby depose and state the following:

I am a Special Agent of the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I have been a law enforcement officer since April 2009.

1. My duties include the investigation of violations of Federal firearms laws. I know it to be unlawful to receive or posses a destructive device (firearm) as defined under 26 USC 5845(a)(8) and (f) which is not registered to him in the National Firearms Registration and Transfer Record.

2. On May 21, 2015, an ATF cooperating source of information (CS) traveled to 809 S. 26 ½ Street, McAllen, TX 78501. The CS made contact with Javier SOLIS and asked about the grenades for sale. SOLIS stated that someone would bring a grenade to the residence in a few minutes. A short time later, Albert ORTIZ arrived at the residence carrying one grenade. ORTIZ gave the grenade to SOLIS. SOLIS held the grenade and showed it to the CS. The CS photographed the grenade and told SOLIS he would come back later to purchase it.

3. Later that same day, the CS called SOLIS to tell him that he was going to buy the grenade. SOLIS stated that he wasn't home, but that the CS should meet FLORES at the intersection of 26th Street and Galveston Avenue in McAllen. The CS traveled to that location and met FLORES. FLORES and the CS walked through back yards and an alley back to 809 S. 26 1/2 Street, McAllen, TX 78501. The CS paid FLORES $400. FLORES retrieved the grenade from the front of the residence and gave the grenade to the CS.

## ATTACHMENT A

4. On May 22, 2015, ATF Special Agents and members of the McAllen Police Department Bomb Squad analyzed the grenade purchased on May 21, 2015. The grenade was disassembled and appears to be a functional Improvised Explosive Device (IED). After the grenade was disassembled, a test burn was conducted on a small portion of the black material that was found inside of the device. The black material ignited when lit with a flame.

5. On May 27, 2015, a CS exchanged text messages with Javier SOLIS. The CS stated that he wanted to buy 5 additional grenades. SOLIS told the CS that he would not be home, but that the CS could purchase the grenades from FLORES.

6. Later that same day, FLORES sent text messages to the CS identifying himself and telling him that he was ready to sell the grenades. The CS traveled to meet FLORES on the side of the street on 26th Street in McAllen, TX. FLORES was waiting inside of a vehicle. The CS approached FLORES and paid him $2,000. FLORES told the CS to remove five grenades from the vehicle. The grenades were in a white bag and sitting on the passenger seat next to FLORES.

9. Your Affiant knows that IED grenades are classified as destructive devices that are required to be registered in the National Firearms Registration and Transfer Record per the National Firearms Act of 1934.

10. Your Affiant also knows from training and experience that, outside of a military environment, grenades have no suitable use and therefore chances are highly unlikely that ATF would register those devices to an individual.

## ATTACHMENT A

11. A query of the National Firearms Registration and Transfer Record for Cesar Giovanni FLORES produced negative results.

_____
Kevin D. Brown - ATF Special Agent

Sworn to before me and subscribed in my presence,

_____　　　　　　　　　　6-2-2015
U.S. Magistrate Dorina Ramos　　　　　　　　　　Date